## No. 488
## STRUTHERS Village v. HUGHES
Ohio Appeals, 7th District, Portage County
No. ____. Decided March 9, 1923

SIDEWALKS—(1) Duty of city to keep in repair—(2) Pedestrian not guilty of contributory negligence in falling on defective, during night season—(3) Excessive damages.

POLLOCK, J.:

Epitomized Opinion

Mary Hughes brought an action in the Common Pleas Court of Portage County to recover damages

for personal injuries which she claims she sustained by reason of a fall upon a public street of the Village of Struthers. The evidence disclosed that the surface of the pavement on the sidewalk had chipped away, leaving a depression. It also disclosed that the plaintiff was familiar with this condition but that the accident occurred during the night season and that it was very dark at the place at the time the accident occurred. After the plaintiff fell she went home, and afterwards was attended by a chiropractor and later examined by another doctor. The jury returned a verdict for the plaintiff for the sum of $7,000, as plaintiff claimed that she had received severe injuries, including a dislocation of the hip, severe bruises and dislocation of the vertebra, and that she suffered pain ever since the accident. The trial court requested a remittitur of $1,500 and that was accepted. City prosecuted error to the Court of Appeals. In reversing the judgment of the lower court, the Court of Appeals held:

1. The city is bound to keep its streets in repair and free from nuisance and there was ample evidence to warrant the jury in finding that the city was negligent in failing to keep its street in proper repair.

2. As the accident happened during the night season when it was extremely dark it cannot be said that plaintiff was guilty of contributory negligence as a matter of law, though the plaintiff knew that the defective condition existed in the sidewalk.

3. As the plaintiff's claim of injuries is not supported by direct evidence and the injuries do not appear to be as extensive as claimed, or supported by the weight of the evidence, the jury's finding on the extent of damages was excessive and unwarranted.